IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ERIC ANDREWS | CRIMINAL ACTION<br>NO. 05-280 |

**Pappert, J.**                                                                                                 **January 6, 2025**

## **MEMORANDUM**

Eric Andrews—currently serving a 312-year sentence for committing thirteen armed robberies when he was nineteen years old—seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). The Court denies the motion.

I

In December of 2005, a jury found Andrews guilty of committing thirteen Hobbs Act robberies, conspiring to commit the robberies, and brandishing a firearm during the robberies in violation of 18 U.S.C. § 924(c). His sentence was in part a product of the so-called "stacking" requirement of 18 U.S.C. § 924(c), which provided "a 25-year minimum sentence for each § 924(c) violation after the first, even if the defendant was convicted for both at the same time." *United States v. Rutherford*, 120 F.4th 360, 368 n.10 (3d Cir. 2024). Congress eliminated the stacking requirement in 2018 through the First Step Act. *See* Pub. L. No. 115-391, § 403 (2018). That amendment was originally the principal basis for Andrews's assertion that he was eligible for compassionate release, but he now acknowledges that the Third Circuit has foreclosed that argument. *See Rutherford*, 120 F.4th at 376 (holding that the amendment to § 924(c) "cannot be considered in determining a prisoner's eligibility for compassionate release").

1

Andrews instead argues that his young age at the time he committed the armed robberies (nineteen years old) and his rehabilitation record, taken together, warrant reducing his sentence. Demonstrating his rehabilitation, Andrews attached to his motion nine letters of support from family members and individuals he met while incarcerated, (Mot. for Compassionate Release, (Ex. 4–7, 9–11, 15, 16, ECF No. 284), a reentry plan, (*id.* at Ex. 8), and his GED and other certificates of achievement, (*id.* at Ex. 12, 13).

## II

Pursuant to § 3582(c)(1)(A)(i), a sentencing court may reduce an inmate's sentence if it determines that the inmate is both eligible and qualified for such a reduction. *Rutherford*, 120 F.4th at 364. An inmate is *eligible* for a sentence reduction if he shows that "extraordinary and compelling reasons warrant such a reduction." *Id.* (quoting § 3582(c)(1)(A)(i)). Defining "extraordinary and compelling reasons" is generally left to the United States Sentencing Commission. *Id.* at 365 (citing 28 U.S.C. § 994(t)); *see also* U.S.S.G. § 1B1.13(b)(1)–(6). The Commission's definitions are binding on courts to the extent those definitions "do not go beyond what Congress intended." *Id.* at 376.

Once a court determines that an inmate is *eligible* for relief under § 3582(c)(1)(A)(i), it must then determine whether and to what extent the inmate *qualifies* for a sentence reduction. *Id.* at 365. This inquiry invites broad discretion from the district court and requires deciding whether any reduction "is consistent with both the Commission's policy statements and the sentencing factors set forth in 18 U.S.C. § 3553(a)." *Id.* at 365, 364.

III

Andrews limits his argument to the assertion that extraordinary and compelling reasons exist under the catchall provision in U.S.S.G. § 1B1.13(b)(5). Subsection (b)(5) provides that extraordinary and compelling reasons may exist when "[t]he defendant presents any other circumstances or combination of circumstances that … are similar in gravity to those described in paragraphs (1) through (4)." The circumstances described in subsections b(1) through (b)(4) include the defendant suffering a serious medical condition, experiencing serious deterioration in health because of advanced age, being the only available caregiver of a minor or incapacitated family member, and falling victim to sexual or physical abuse while imprisoned. U.S.S.G. § 1B1.13(b)(1)–(4).

Andrews advances a combination of two grounds in support of eligibility under subsection (b)(5): (1) he was young at the time he committed the offense, and (2) he has significantly rehabilitated himself. (Def.'s Notice of Suppl. Authority and Req. for Oral Arg. 1, ECF No. 308.) The Government responds, correctly, that the combination of Andrews's age at the time of the offense and rehabilitation are not, individually or taken together, of similar gravity to the circumstances enumerated in § 1B1.13(b)(1)–(4). *See United States v. Carter*, 711 F. Supp. 3d 428, 440–41 (E.D. Pa. 2024) ("by any measure," an inmate's rehabilitation, close family ties, and age at the time he committed his crimes, "are not 'similar in gravity' to the exceptional situations enumerated in subsections b(1)-(4)"); *United States v. Carter*, 711 F. Supp. 3d 428, 440–41 (E.D. Pa. 2024); *see also United States v. Wilson*, No. CR 14-209-1, 2024 WL 4793713, at *5 (E.D. Pa. Nov. 14, 2024) ("we cannot find Mr. Wilson's rehabilitation—alone or combined with his young age at the time of the offense—constitutes an

3

extraordinary and compelling circumstance"); *cf. United States v. Andrews*, 480 F.Supp.3d 669, 687–88 (E.D. Pa 2020) (holding that Andrews's young age at the time of the offense and his rehabilitation were not "compelling" circumstances because they caused no "significant collateral or secondary harm").

And even if an inmate's youth at the time of the offense and rehabilitation record could in some exceptional case constitute circumstances "similar in gravity" to those in subsections (b)(1)–(4), this is not such a case. Andrews's spree of armed robberies cannot be chalked up to mere youthful indiscretion. Courts who have credited an inmate's youth at the time of the offense as a reason in favor of compassionate release tend to do so when the offense involved "split-second" and "hot-headed" decisions. *United States v. Rosario*, No. 96 CR. 126-23, 2024 WL 3521851, at *7 (S.D.N.Y. July 24, 2024); *cf United States v. Brown*, No. 2:11-CR-152, 2024 WL 3357836, at *6 (E.D. Va. July 10, 2024) ("the defendant's deliberate, planned act in the instant offense—armed bank robbery—combined with his previous criminal conduct, undermines the argument that his actions resulted primarily from youthful impulsivity"). Andrews's conduct was not the result of hot-headed, split-second decisions: he participated in *thirteen* armed, gunpoint robberies over the course of four weeks. *See* (PSR ¶¶ 12–29.) The violence involved in those robberies was not trivial: in addition to pointing handguns and shotguns at the heads of their victims, Andrews and/or one of his confederates hit an employee over the head with a gun, and one confederate hit an employee in the face. (PSR ¶¶ 14, 19, 26, 27.) Each time Andrews geared up to participate in the next robbery, he knew exactly what he was doing.

And Andrews's ongoing rehabilitation is insufficient on its own to constitute extraordinary and compelling reasons.  28 U.S.C. § 994(t).  His rehabilitation to this point is, however, admirable and commendable.  According to staff at USP Canaan, Andrews serves as a mentor and positive example to younger inmates and possesses an admirable work ethic.  *See* (Mot. for Compassionate Release, Ex. 5–7.)  His friends and family speak very highly of him.  *See* (*id.* Ex. 5, 9–11, 16, 17.)  His disciplinary record shows no infractions for the last decade.  *See* (*id.* Ex. 2.)  He also has earned his GED, has completed dozens of education courses, and now serves as the instructor for several of those courses.  *See* (*id.* Ex. 5, 8, 12–14.)  Under a sentencing regime that permitted release based solely upon rehabilitation, Andrews would be a top candidate, but that is not the lens through which the Court may view and grant his motion.

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
Gerald J. Pappert, J.